IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TONY MOORE, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:10-CV-1695-D |
| § | |
| THE TRAVELERS INDEMNITY § | |
| COMPANY and EMMA FERRELL, § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

The instant motion to remand presents the question whether the in-state citizen defendant has been improperly joined. Concluding that at the time of removal there was no reasonable basis for the court to predict that the plaintiff might be able to recover under state law against the in-state citizen defendant, the court holds that the in-state citizen defendant has been improperly joined, and it denies plaintiff's motion to remand.

I

Plaintiff Tony Moore ("Moore") sued defendants The Travelers Indemnity Company ("Travelers") and Emma Ferrell ("Ferrell") in Texas state court alleging claims of bad faith and violations of the Texas Insurance Code ("Insurance Code") and the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41-17.826 (Vernon 2002 & Supp. 2010) in handling his claim for workers' compensation benefits. Moore and Ferrell are Texas citizens and Travelers is a Connecticut corporation with

its principal place of business in Connecticut, i.e., a citizen of Connecticut.

Moore suffered injuries while working for his employer. Travelers is the employer's workers' compensation insurance carrier. Ferrell is the adjuster who handled the claim, which Travelers denied in its entirety. At Moore's benefit review conference, Travelers' representative maintained that Moore's claim was properly denied. Following a contested case hearing, the hearing officer ruled in Moore's favor and ordered Travelers to pay Moore accrued, unpaid benefits. Moore alleges that Travelers delayed his receipt of these benefits and failed to send at least four benefit checks between the date of his contested case hearing and the termination of his benefits. A second contested case hearing was held to determine whether the injury Moore sustained included a cervical sprain, chronic pain syndrome, depression, and anxiety. Concluding that it did, the hearing officer ordered Travelers to pay benefits covering these symptoms as well.

Moore filed this lawsuit in Texas state court, alleging that Travelers breached its duty of good faith and fair dealing in adjusting and handling his workers' compensation benefits claim. He asserted that Travelers failed to use reasonable standards for investigating and evaluating his claim and refused to timely acknowledge that he was injured during the course of his employment. Moore also averred that Ferrell personally violated

the Insurance Code and DTPA when she denied his claim without a reasonable investigation. Moore alleged that Travelers is vicariously liable. Travelers removed the case to this court based on diversity jurisdiction, contending that Ferrell's Texas citizenship can be disregarded because she has been improperly joined.

Moore moves to remand the case,[1] contending that Ferrell has been properly joined, that the court lacks diversity jurisdiction, and that the case must be remanded. He argues that his state court original petition ("petition") alleges statutory bad faith claims against Ferrell under the DTPA and Insurance Code in addition to the common law bad faith and vicarious liability claims alleged only against Travelers. Moore contends that his petition alleges sufficient facts to support a claim for relief against Ferrell on these distinct grounds. He argues that because Travelers and Ferrell improperly denied and delayed payments on his claim, he was forced to retain counsel to represent him at his benefits hearings and suffered economic hardship and mental anguish. He seeks unpaid

---

[1] Moore filed his motion to remand on September 23, 2010 and filed a corrected version the same day. On November 24, 2010 he filed a so-called supplemental motion to remand. Assuming that such a motion is procedurally proper, it does not affect the court's decision. The supplemental motion reiterates the subject matter jurisdiction objections Moore made in his September 23 motion. Moore also cites additional authorities, but the cases are distinguishable because, unlike the plaintiffs in those cases, Moore has not explained which provisions of the Insurance Code give rise to his claims, and Moore does not have standing under the DTPA, as explained below.

workers' compensation benefits, attorney's fees, court costs, mental anguish damages, damages for his loss of credit, and exemplary damages. If the court determines that his petition does not sufficiently state a claim for relief against Ferrell, he requests leave to file an amended complaint, and he includes a proposed first amended complaint ("amended complaint") in support of his motion.

Travelers responds that the case was properly removed because Ferrell has been improperly joined and her citizenship can be disregarded. Travelers argues that Moore's petition does not contain sufficient legal or factual allegations to support a claim against Ferrell; that Moore does not have standing as a consumer to bring a DTPA claim against Ferrell individually; that Moore has not asserted facts that allege that Ferrell violated the DTPA; that Moore's reliance on the entirety of Chapter 541, subchapter B, of the Insurance Code does not support a specific Insurance Code claim against Ferrell, and that Moore's allegations in support of such a claim are conclusory; and that Moore's proposed amended complaint is irrelevant, even if it states a plausible claim for relief against Ferrell, because the court must consider only Moore's allegations at the time of removal, and a complaint amended after removal cannot divest the court of jurisdiction.

II

The court must first determine whether 28 U.S.C. § 1445(c) bars removal of this case. Section 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Moore contends that this case arises under Texas workers' compensation laws, and that § 1445(c) thus bars its removal. Travelers responds that Fifth Circuit precedent clearly provides that claims against a workers' compensation insurance carrier for breach of the duty of good faith and fair dealing do not arise under Texas workers' compensation laws, and that § 1445(c) does not otherwise preclude removal.

An employee's claims "against the employer's workers' compensation insurance carrier for breach of the duty of good faith and fair dealing are *not* immunized against removal to federal court by the provisions of 28 U.S.C. § 1445(c)." *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 784 (5th Cir. 1996). Such a claim does not arise under the state workers' compensation law; it is essentially an insurance malpractice tort, and it is "separate from and independent of a claim for statutory workers' compensation benefits, regardless of the fact that such a tort claim is 'related to' a compensation benefits claim and to the workers' compensation insurance coverage of the claimant's employer." *Id.*

Moore urges that the *Patin* rule that good faith and fair

dealing claims are removable is "no longer viable." Relying in part on *Macias v. Schwedler*, 135 S.W.3d 826 (Tex. App. 2004, pet. denied), Moore argues that his bad faith claim arises under the Texas Workers' Compensation Act ("TWCA") because Texas law requires claimants to exhaust state administrative remedies before pursuing judicial review of a bad faith claim. Moore maintains that the exhaustion requirement so closely ties his bad faith claim to his workers' compensation claim that the bad faith claim may also be understood to arise under the TWCA.

In *Macias* the court held that it did not have jurisdiction over claims for damages resulting from denial of a workers' compensation claim because the plaintiff had not exhausted his administrative remedies with respect to the denial of the underlying claims. *See Macias*, 135 S.W.3d at 830. The *Macias* court did not indicate that the bad faith claim was so closely related to the workers' compensation claim that it also arose under the TWCA. Moreover, *Patin* specifically explains that good faith and fair dealing claims are removable because they are "independent of the administrative procedures" that ease claimants' adjudication of state workers' compensation claims and justify the administrative exhaustion requirement. *See Patin*, 77 F.3d at 788. Under *Patin*, claims "against the employer's workers' compensation insurance carrier for breach of the duty of good faith and fair dealing are *not* immunized against removal to federal court by the

provisions of 28 U.S.C. § 1445(c)."  *Id.* at 784.

Accordingly, Moore's reliance on § 1445(c) is misplaced.

III

Having concluded that removal is not barred under § 1445(c), the court next considers whether the case must be remanded based on the presence of Ferrell, a Texas-citizen defendant.

A

For a case to be removed based on diversity jurisdiction, "'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'"  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)).  This means that no plaintiff can be a citizen of the same state as even one defendant.  Moreover, under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction—even if the parties are completely diverse—if any properly-joined defendant is a citizen of the state in which the action is brought: in this case, Texas.

"The doctrine of improper joinder . . . entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'"  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  "When a defendant removes a case to federal court on a claim of improper joinder [of an in-state defendant], the district court's first inquiry is whether the

removing party has carried its heavy burden of proving that the joinder was improper." *Id.* at 576. Improper joinder is established by showing either (1) that there was actual fraud in the pleading of jurisdictional facts or (2) that the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court. *Id.* at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Under the second alternative—the one at issue in this case—the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* To "predict[] whether a plaintiff has a reasonable basis of recovery under state law," the court "conduct[s] a [Fed. R. Civ. P.] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* (citations omitted). In cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*

Nevertheless, the court is not permitted to "mov[e] . . . beyond jurisdiction and into a resolution of the merits." *Id.* at 574. The court need only determine that a plaintiff might possibly prevail to conclude joinder was proper. *Cantor v. Wachovia Mortg., FSB*, 641 F.Supp.2d 602, 607 (N.D. Tex. 2009) (Lynn, J.). To do so, the court "evaluate[s] all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (internal quotation marks omitted). Thus "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574.

B

"In considering the allegations against in-state defendants, the court must look to the live pleadings at the time of removal." *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *3 (N.D. Tex. July 12, 2010) (Fitzwater, C.J.) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal.")). The court thus evaluates the two claims that Moore alleges against Ferrell in his petition to determine whether she has been improperly joined.

The court turns first to Moore's DTPA claim. Moore alleges in his petition that Travelers and Ferrell violated the DTPA by "engag[ing] in false, misleading, or deceptive acts," as well as an "unconscionable action or course of action," taking advantage of his relative lack of knowledge and experience and by otherwise breaching Chapter 541 of the Insurance Code.[2] Moore avers that Ferrell is individually liable for these violations and that Travelers is vicariously liable for Ferrell's violations. Relying on *Rodriguez v. Texas Employer Insurance Ass'n,* 598 S.W.2d 677 (Tex. App. 1980, writ ref'd n.r.e.), Travelers responds that Moore does not have standing to bring a DTPA claim because he is not a "consumer" within the terms of the statute.[3] Travelers also posits that Moore's allegations are conclusory, not directed against Ferrell in her individual capacity, and insufficient to support a claim for relief under the DTPA.

The court need not consider the sufficiency of Moore's allegations to determine that he has no reasonable basis for recovering under the DTPA. In *Rodriguez* the court held that the

---

[2]These allegations are elements of a consumer's action for damages under Tex. Bus & Com. Code Ann. § 17.50(a)(1)-(4) (Vernon 2002 & Supp. 2010).

[3]Tex. Bus. & Com. Code Ann. § 17.45 defines "consumer" as "an individual, partnership, [or] corporation . . . who seeks or acquires by purchase or lease, any goods or services." Tex. Bus. & Com. Code Ann. § 17.45 (Vernon 2002 & Supp. 2010).

decedent of a party seeking workers' compensation survivorship benefits was not a "consumer" with standing to bring suit under the DTPA. *Rodriguez*, 598 S.W.2d at 678. The *Rodriguez* court reasoned that the DTPA does not cover "situations where the defendant is not engaged in any sale or lease transaction, or any offer or advertisement of a sale or lease, with plaintiff." *Id.* Rather, "the Act was designed to protect consumers from misleading business practices made in connection with a sale, lease, advertisement, etc." *Id.* (citing *Hi-Line Elec. v. Travelers Ins. Co.*, 587 S.W.2d 488, 490 (Tex. App 1979, writ ref'd n.r.e.)). *Rodriguez* concluded that a situation in which a party seeks workers' compensation benefits is not one in which "one party was enticed into a contract by provisions or promises later discovered to be deceptive." *Id.*

In the present case, as in *Rodriguez*, the parties "found themselves in a relationship created entirely by statute, which arose on the date [Moore] accepted his employment with an employer who had elected to become a subscriber under the [TWCA]." *Id.* Moore alleges only that "[he] is a consumer under the DTPA" and does not distinguish *Rodriguez*. He has not pleaded, nor can he allege, a set of facts stating a viable claim under the DTPA, because he cannot qualify as a consumer in the workers' compensation context presented here.

The court therefore holds that defendants have demonstrated that there is no possibility that Moore can recover against Ferrell

on his DTPA claim.

2

Second, Moore alleges that Ferrell violated Tex. Ins. Code Ann. art. 541, subchapter B either in addition to, or instead of, Tex. Bus. & Com. Code Ann. § 17.46(b). To assert a private cause of action under Chapter 541 of the Insurance Code, a plaintiff "'must be (1) a 'person,' as defined by [Section 541] and (2) injured by another's act or practices declared to be unfair or deceptive.'" *Mayorga v. Gov't Emps. Ins. Co. (GEICO)*, 2010 WL 300350, at *3 (S.D. Tex. Jan. 20, 2010) (quoting *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 383 (Tex. 2000)). Subchapter B identifies practices that are considered unfair or deceptive for purposes of the statute. Section 17.46(b) similarly identifies practices considered deceptive for purposes of that statute.

There is no reasonable basis for the court to predict that Moore might be able to recover against Ferrell on his Insurance Code claims. The court recognizes that independent agents and brokers, as well as employees of insurance companies, can be held liable for violations of the Insurance Code. *See W. End Square, Ltd. v. Great Am. Ins. Co. of N.Y.*, 2007 WL 804714, at *4 (N.D. Tex. Mar. 14, 2007) (Stickney, J.) (citing *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 485-86 (Tex. 1998)). But Moore does not identify any specific provision of the Insurance Code that he alleges Ferrell violated. Moreover, he does not set

out in his petition sufficient facts to support a claim under the Insurance Code. *See, e.g., Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (McBryde, J.) (concluding there was no possibility of relief where plaintiff alleged only elements of DTPA and Insurance Code). Moore's petition alleges only that Ferrell and Travelers failed to reasonably investigate his injury and claim and to timely recognize that his injury was compensable; that he was required to appear at hearings to determine whether his injury was compensable and whether his injury extended to include a cervical strain, chronic pain syndrome, depression, and anxiety; and that Travelers and Ferrell thus knowingly or intentionally breached the Insurance Code. These conclusory allegations do not provide a reasonable basis for the court to predict that Moore might be able to recover against Ferrell under any particular provision of the Insurance Code.

C

Defendants have therefore carried their heavy burden of establishing that there is no reasonable basis for the court to predict that Moore might be able to recover under state law against Ferrell. *See Smallwood*, 385 F.3d at 573. Ferrell has therefore been improperly joined as a defendant, and her Texas citizenship can be disregarded in determining whether there is complete diversity and whether her presence as an in-state defendant

precludes removal.

                    *    *    *

Accordingly, for the reasons stated, Moore's September 23, 2010 motion to remand is denied.

**SO ORDERED**.

December 7, 2010.

                                _____
                                SIDNEY A. FITZWATER
                                CHIEF JUDGE